# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

FILED
97 AUG 22 AM 9:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DORIS LIN KILROY and CHERYL HORN ROGERS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CV 96-PT-1298-E ) |
| CITY OF TALLADEGA, et al., | ) ) ) |
| Defendants. | ) ) |

ENTERED
AUG 2 2 1997

## Memorandum Opinion

This cause comes on to be heard on a motion for summary judgment filed by defendant, the City of Talladega ("Talladega"), on July 21, 1997. In its motion the defendant contends that the plaintiff cannot demonstrate that she was not hired on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The plaintiff disputes this, arguing that she has sufficient evidence to prove either a direct evidence or a circumstantial evidence case.

On a motion for summary judgment, the court must assess the proof to ascertain whether there is a genuine need for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is appropriate only if this court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party seeking summary judgment bears the initial responsibility of informing this court of the grounds for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it

believes prove the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met this burden, the nonmoving party "must produce evidence that shows there exists a genuine issue of material fact." Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing the presence of a genuine issue for trial. Celotex, 477 U.S. at 324. The court may consider the offered "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . " in deciding whether to grant or deny a summary judgment motion. FED. R. CIV. P. 56(c). In resolving whether a given factual dispute requires submission to a jury, the court must view the presented evidence through the prism of the substantive evidentiary burden. Anderson, 477 U.S. at 254-55. The court, however, must avoid weighing conflicting evidence for probity or making credibility determinations. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992). Considering the above, this court must examine the evidence to determine the existence of a genuine issue of material fact.

Facts

On July 7, 1994, the plaintiff, who is female, applied for employment with the Fire Department of the City of Talladega for a position as a fire fighter. In her application, the plaintiff stated that she would prefer to begin work on August 9, 1994. Divergent reasons are given by the parties as to the plaintiff's rationale for stating a preferred August 9 starting date for employment. The defendant states that the plaintiff requested a start date of August 9 because she would have the opportunity to receive a week's paid vacation. The plaintiff disputes this, contending that she requested the August 9 date in order to inform her employer that she was resigning.

At the time of her application, the plaintiff had undergone volunteer fire fighter training. She had worked as a volunteer fire fighter in the towns of Oak Grove and Sycamore, Alabama. She also served as a fire inspector for Oak Grove.

The Fire Chief, Roy Johnson ("Johnson"), interviewed fifteen candidates for the position, including the plaintiff. At the interview, Johnson informed the plaintiff that upon starting her employment, she would be sent to a Fire College that would be held on August 15, 1994. At the interview, Johnson did not ask the plaintiff if she could start to work any earlier than the date she

stated as a preferred start date. However, the plaintiff alleges, although she did not tell Johnson that she would "start tomorrow if [she] had to," she did inform Johnson "that [she] would go [to the Fire College], that this was what [she] wanted to do in [her] life."

Also during the interview, the plaintiff alleges, Johnson make some inappropriate comments to her. First, the plaintiff avers, Johnson stated that "his place was not set up for no female." He then purportedly asked her whether she had a problem sleeping with or working with the guys. Finally, Johnson allegedly asked her what her husband's feelings were about her working as a fire fighter.

The plaintiff was turned down for the job. The defendant instead hired Jay Mitchell, a male with no previous fire fighter experience, for the position.

## Contentions & Analysis

> Title VII of the Civil Rights Act of 1964 provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (1988). The plaintiff may establish a prima facie case of discrimination under Title VII on the basis of statistical proof of a pattern of discrimination [see Wilson v. AAA Plumbing Pottery Corp., 34 F.3d 1024, 1027 (11th Cir. 1994)], or on the basis of direct evidence of discrimination, which consists of "evidence which, if believed, would prove the existence of discrimination without inference or presumption." Carter v. City of Miami, 870 F.2d 578, 581-82 (11th Cir. 1989). In the usual case, however, direct evidence is not present, and the plaintiff must rely on circumstantial evidence to prove discriminatory intent, using the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 [] (1973).

Holifield v. Reno, 115 F.3d 1555, 1561-62 (11th Cir. 1997). The plaintiff contends that she can state both a direct evidence and circumstantial evidence case of gender discrimination.

The plaintiff claims that the statements of Johnson that the "place was not set up for no female" and that the inquires of Johnson into whether she could sleep with the guys and how her husband felt about the job constitute direct evidence of discrimination. The defendant contends that the remarks of Johnson are insufficiently blatant to constitute direct evidence. For remarks to constitute direct evidence, the defendant maintains, they must not merely suggest discrimination; they must prove without intermediate inference the existence of discrimination. In addition, the defendant contends that they do not constitute direct evidence of discrimination because the

3

plaintiff was not offended by the statements.[1]

> Statements indicating racial bias on the part of a decisionmaker in an employment setting can constitute direct evidence of racial discrimination in Title VII cases. See Haynes v. W.C. Caye and Co., Inc., 52 F.3d 928, 931 (11th Cir. 1995) ("Indeed, a statement that members of a racial minority in general ... are simply not competent enough to do a particular job would seem to be a classic example of direct evidence."); Bell v. Birmingham Linen Service, 715 F.2d 1552, 1556 (11th Cir. 1983), cert. denied, 467 U.S. 1204 [] (1984) (finding statement by decisionmaker that he would not let female plaintiff work in the washroom because then all women would want to work there "highly probative evidence of illegal discrimination.")
>
> When there is direct evidence that discrimination was a motivating factor in the challenged employment decision, the appropriate analysis is different from that employed in a case where only circumstantial evidence is available. Bell, 715 F.2d at 1556 (where plaintiff provides direct evidence of a discriminatory motive, "the ultimate issue of discrimination is proved"); Haynes, 52 F.3d at 931 (citing Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 [] (1989)) (once the plaintiff presents direct evidence of discriminatory motive, it is then left to the defendant to prove by a preponderance of the evidence that the same employment decision would have been reached even absent discriminatory intent).

Trotter v. Bd. of Trustees of the Univ. Of Alabama, 91 F.3d 1449, 1453 (11th Cir. 1996). "'Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact [in issue] without inference or presumption.'" Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990) (quoting Carter v. City of Miami, 870 F.2d 578, 581-82 (11th Cir. 1989)). Whether a remark apparently unfavorable to a protected class supports direct inference of discrimination is a hit-or-miss business.[2]

The defendant's arguments suggest that direct evidence does not exist in cases in which an intermediate inference exists between the remark and the ultimate determination of discriminatory intent or in cases in which the jury would be required to interpret a remark as either a discriminatory disclosure or an innocuous utterance. Interpretation of fact is the province of the jury. On a motion for summary judgment, the court is to choose the interpretation most favorable to the non-movant and determine whether, on the basis of that interpretation, the plaintiff can state a claim. In the present case, the statement of Johnson that "his place was not set up for no woman" is arguably sufficient evidence for a jury to conclude that the defendant discriminated.

---

[1] Even if the evidence is not direct evidence, it may be circumstantial evidence.

[2] This judge has never understood why we charge juries in all other types of cases that "the law makes no distinction as to the weight to be given to direct or circumstantial evidence," but in discrimination cases say that direct evidence proves the case. It seems to have become the vogue for interviewers to make gratuitous sexist remarks. Who knows where the truth lies.

4

Direct evidence cases have been established on facts of the same caliber. In Haynes v. W.C. Caye & Comp., Inc., 52 F.3d 928, 930 (11th Cir. 1995), the Eleventh Circuit Court of Appeals found for the plaintiff in a case in which the president of the defendant company made potentially disparaging remarks:

> After Charles G. (Pete) Caye, Jr. ("Caye, Jr.") became president of appellee, he decided to create a position with the sole function of overseeing collections. The case involves Haynes' promotion to this new position. Caye, Jr. sought the advice of long time employee Nelson. Nelson recommended Haynes for the position, but Caye, Jr. was hesitant to accept the recommendat
ion, asking Nelson if he thought it would require a man to do the job. Nelson persisted in his recommendation and a meeting was held between Caye, Jr., Nelson and Haynes. At the meeting, Caye, Jr. asked Haynes whether "a sweet little old lady could get tough enough with the customers and collect the money." Haynes assured Caye, Jr. that she could handle the job, and the job was offered to her on a trial basis. During Haynes' tenure in the new position, Caye, Jr. stated to her: "You know, Pat, I felt that a woman was not competent enough to do this job, but I think maybe you're showing me that you can do it."

Although Caye never stated directly that women were incapable of performing the required position, he evinced a hesitance to hire Haynes based upon an apparent stereotype that a woman could not be "tough" with customers. Similarly, Johnson's remarks in the present case can reasonably be interpreted to mean that the fire station was not a place for a female or that a female could (or should) not feel comfortable performing some of the duties that she, as a fire fighter would be required to perform (such as "sleeping with the guys").

The defendant's contention that Johnson's remarks are not direct evidence because the plaintiff did not find them offensive conflates a gender discrimination claim with a sexual harassment claim. In a sexual harassment case, a plaintiff must demonstrate that in some sense the remarks of the employer were offensive to her. By contrast, in a gender discrimination claim, whether the plaintiff perceived the remarks of the employer as offensive is irrelevant to the determination of whether those remarks are indicative of the employer's subjective discriminatory animus. The plaintiff has adequately advanced a case based upon direct evidence.

The plaintiff also contends that she can state a case based upon circumstantial evidence. The parties do not dispute that the plaintiff can satisfy her prima facie case: The employer did not hire the plaintiff, who is a qualified female, for the fire fighter position and instead hired a male. The meat of the matter is in the defendant's proffered legitimate non-discriminatory reason. The defendant claims that the plaintiff was not hired because she could not begin work on August 5, 1994, by which time the defendant was required to submit paperwork on her to Fire College. The plaintiff offers as reasons why the defendant's reason is pretext, first, that she informed the

5

defendant that she was willing to start in time to attend Fire College and second, that the August 5 date for submission of paperwork was not, in fact, the date on which Johnson was required to submit the paperwork. The plaintiff also states that even if the reason offered by the defendant is legitimate, Johnson was additionally motivated by a discriminatory animus, as evidenced by his comments to her.

> The effect of the presumption of discrimination created by establishment of the prima facie case is to shift to the employer the burden of producing legitimate, nondiscriminatory reasons for the challenged employment action. McDonnell Douglas, 411 U.S. at 802 []; Burdine, 450 U.S. at 254 []. To satisfy that burden of production, "[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." Burdine, 450 U.S. at 254-55 [] (citation and footnote omitted). "[T]o satisfy this intermediate burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Id. at 257, 101 S.Ct. at 1096 (emphasis added).
> 
> If a defendant carries its burden of producing legitimate, nondiscriminatory reasons for its decision, the presumption of discrimination created by the McDonnell Douglas framework "drops from the case," and "the factual inquiry proceeds to a new level of specificity." Burdine, 450 U.S. at 255 & n. 10 []. However, elimination of the presumption does "not imply that the trier of fact no longer may consider evidence previously introduced to establish a prima facie case." Id. at 255 n. 10 []. As the Supreme Court has explained:
>> A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff's initial evidence. Nonetheless, this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual. Indeed, there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation.
> 
> Id.
> Once a defendant satisfies its intermediate burden of production, and the initial presumption of discrimination accompanying the prima facie case has been eliminated, the plaintiff has the opportunity to discredit the defendant's proffered explanations for its decision. According to the Supreme Court:
>> [The plaintiff] now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision.... [The plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.
> 
> Id. at 256 [] (emphasis added) (citation omitted). In other words, the plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision. Id.; McDonnell Douglas, 411 U.S. at 804 [].

Combs v. Plantation Patterns, 106 F.3d 1519, 1527-28 (11th Cir. 1997). The plaintiff has adequately

6

raised a genuine issue of material fact concerning whether Johnson's reasons for not hiring her are pretextual. Johnson's assertion on when the paperwork for the Fire College was due is inconclusive. It appears possible that Johnson was uncertain of the deadline and also that Johnson may have obtained a one week extension of time in which to file the paperwork. If, as the defendant asserts, the given deadline was August 5, that Johnson obtained a week extension would render the final deadline August 12, three days after the plaintiff preferred to begin work. If so, Johnson's failure to hire the plaintiff because of her inability to come to work by the time the paperwork was due may reasonably be considered pretext.

The defendant proffers the additional rationale for not hiring the plaintiff that she did not sign the release permitting Johnson to contact the plaintiff's references. However, the plaintiff counters, she clearly indicated to the defendant that she was willing to provide Johnson with the names and phone numbers of anyone with whom he wished to speak. The plaintiff's assertions could lead a reasonable trier of fact to find that the defendant's asserted reason for not hiring the plaintiff are pretext.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment will be **DENIED**.

This 21st day of August 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

7